# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SAUL RODRIGUEZ, MARCOS ANTONIO RAMOS CARILLO, OSMAR SANTOS and ALFREDO RAMOS CARRILLO,**

      **Plaintiffs,**

v.                                               **Case No: 6:18-cv-1911-Orl-EJK**

**JING S XIE, FENG ZHEN HUANG and NEW HIBACHI EXPRESS, INC.,**

      **Defendants.**

_____/

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration (the "Motion"), filed on October 9, 2020. (Doc. 147.) In the Motion, Plaintiff requests that the Court reconsider its Order (Doc. 145) denying Plaintiff's Third Motion to Compel (Doc. 140). Defendants responded in opposition on October 13, 2020. (Doc. 148.)

A Court may reconsider a previous order if there is a change in controlling law, new evidence becomes available, or there is a need to correct clear error or to prevent manifest injustice. *See Williams v. United States,* No. 8:11-cv-158-T-24-TBM, 2011 WL 839371, at *1 (M.D. Fla. Mar. 7, 2011) (citing *Sussman v. Salem, Saxon, & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). A court "will not reconsider a previous ruling when the party's motion fails to raise new issues, and, instead, only relitigates what has already been found lacking." *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 488 (M.D. Fla. 1999). "Moreover, while the trial court is vested with substantial discretion in granting such relief, reconsideration is an extraordinary remedy, which is to be used sparingly." *Kidwell v. Charlotte Cty. Sch. Bd.*, No. 2:07-

cv-13-FtM-34SPC, 2007 WL 9718741, at *3 (M.D. Fla. Nov. 30, 2007). "Thus, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Dalton v. FMA Enter., Inc.*, No. 95-396-CIV-FTM-17D, 1996 WL 684441, at *2 (M.D. Fla. Nov. 25, 1996).

Plaintiff makes two arguments in support of its Motion: First, the Court failed to consider whether Defendants had control over the requested documents, even if Defendants did not possess the documents. (Doc. 147 at 2–3.) Second, there is no evidence that Defendants performed a diligent search for the documents. (*Id.* at 4–5.) As an initial matter, the word "control" appears only once in the original motion, when Plaintiff was quoting Federal Rule of Civil Procedure 26(a)(1)(A)(ii) (Doc. 140 ¶ 14), and the words "diligent" and "search" appear nowhere. To the extent that Plaintiff's argument rested on Defendants' control of the documents—rather than their possession of the documents—or whether Defendants' search for the documents was sufficiently thorough, Plaintiff "fail[ed] to present its strongest case in the first instance." *Dalton*, 1996 WL 684441, at *2. For that reason alone, the Motion is due to be denied.

Nevertheless, Defendant Xie represents that he attempted to obtain the requested documents from his bank and from his accountants, but neither maintained the documents. (Doc. 148 at 3–4.) Plaintiff implies that Defendants provided an incorrect account number, but the attached business records declaration from Wells Fargo simply states that the bank was "[u]nable to locate acct records associated with 7756." (Doc. 147-1.) The Court will not read into that statement more than it says.

In summary, Plaintiff has failed to satisfy the standard for reconsideration. But even on the merits, Defendants represent that Defendant Xie testified[1] that he did attempt to obtain the documents from the third parties who would likely maintain them, but those third parties no longer had copies of the documents. Based on the foregoing, is it **ORDERED** that the Motion (Doc. 147) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 14, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Neither party attached the deposition transcript for Mr. Xie.